UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYAN CRUTCHER,

        Plaintiff,

  v.

UNITED PARCEL SERVICE,

        Defendant.

CASE NO. C18-1671 RSM

ORDER DENYING APPLICATION FOR COURT-APPOINTED COUNSEL AND DISMISSING CASE

      This matter is before the Court on Plaintiff Ryan Crutcher's Application for Court-Appointed Counsel. Dkt. #17. Finding that Plaintiff has offered no basis for appointment of counsel, the Court denies the Application. Accordingly, because Plaintiff has failed to show cause for his failure to comply with the Joint Status Report Order, this case is dismissed without prejudice.

### I.    BACKGROUND

      On December 24, 2019, Plaintiff was granted leave to proceed in forma pauperis against Defendant United Parcel Service ("UPS"). Dkt. #5. Plaintiff's complaint alleges employment discrimination and seeks relief under the Americans with Disabilities Act, 42 U.S.C. § 12101. *Id*. Defendant served its Answer on April 8, 2019. Dkt. #8. Pursuant to this Court's scheduling order, Dkt. #6, parties were required to file a Joint Status Report and Discovery Plan by March

28, 2019 but failed to do so. Accordingly, this Court issued an order to show cause notifying parties that the case would be dismissed without prejudice for failure to comply with the Court's previous order. Dkt. #14. Prior to the deadline to show cause, Plaintiff requested a time extension on the basis that he needed a lawyer to help him with the case. Dkt. #15. In an abundance of caution, the Court ordered Plaintiff to file a request for court-appointed counsel. Dkt. #16. The instant Motion to Appoint Counsel followed.

Regarding the pending Application to Appoint Counsel, Plaintiff describes his efforts to secure counsel on his own, including at least twenty-five calls to a list of attorneys provided to him by the Equal Employment Opportunity Commission ("EEOC"). Dkt. #17 at 2. Plaintiff's Application provides no other basis for his need for court-appointed counsel. However, his earlier time extension request references to his mental state due to a brain aneurysm. Dkt. #15 at 1.

## II. DISCUSSION

### A. Legal Standard

In civil cases, the appointment of counsel to a pro se litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

## B. The Court Declines to Appoint Counsel

Plaintiff does not satisfy the applicable standard here. First, Plaintiff provides no explanation for his need for legal counsel. Although he makes a reference to a brain aneurysm in a previously-filed motion, *see* Dkt. #15, his application provides no information regarding his medical condition or why he is otherwise unable to articulate his claims against Defendant. Absent further explanation from Plaintiff, the Court cannot determine that he lacks the mental ability to represent himself.

The merits of Plaintiff's claims are likewise uncertain. Plaintiff states that the EEOC provided him with a letter that informed him of his right to sue due to his disability. Dkt. #17 at 2. However, Defendant suggests in its response that Plaintiff is referencing the EEOC's Dismissal and Notice of Rights on Plaintiff's charge No. 551-2017-01691, which dismissed Plaintiff's claim before the agency and notified him of his right to sue within ninety days of receipt. Dkt. #18 at 2. Importantly, this Notice clarifies that the EEOC dismissed Plaintiff's claim because it could not conclude that the information obtained established violations of the statutes. Dkt. #18-1 at 2. Because Plaintiff provided no reply to Defendant's response, there is minimal basis for the Court to conclude that Plaintiff's claims have merit.

## C. Dismissal of Case

As explained in this Court's previous order to show cause, Plaintiff was responsible for initiating the process to file a Combined Joint Status Report and Discovery Plan by March 28, 2019. Dkt. #14. As of this date, no report has been filed. Instead, Plaintiff requested a time

ORDER DENYING APPLICATION FOR COUNSEL AND DISMISSING CASE – 3

extension referencing both a brain aneurysm and need for legal help—neither of which he explained or substantiated in his Application for Appointment of Counsel. *See* Dkt. #17.

For the foregoing reasons, the Court finds that Plaintiff has failed to show cause for failure to comply with the Court's previous order. Accordingly, this case is DISMISSED without prejudice.

### III. CONCLUSION

Having considered Plaintiff's Application and the remainder of the record, the Court finds and ORDERS that Plaintiff's Application for Court-Appointed Counsel (Dkt. #17) is DENIED and this case is DISMISSED without prejudice.

DATED this 26th day of July 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING APPLICATION FOR COUNSEL AND DISMISSING CASE – 4